**Doris E. PARCELL, Plaintiff-Appellant,**

v.

**GOVERNMENTAL ETHICS COMMISSION, State of Kansas, and Leonard Thomas et al., Defendants-Appellees.**

**No. 79–1475.**

United States Court of Appeals, Tenth Circuit.

Dec. 31, 1980.

James Yates, Kansas City, Kan., for plaintiff-appellant.

Dennis D. Prater, Gen. Counsel Governmental Ethics Commission and Sp. Asst. Atty. Gen., Lawrence, Kan., for defendants-appellees.

Before SETH, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

■ Inasmuch as the instant action presented primarily an issue arising out of the Kansas law we submitted an interrogatory to the Supreme Court of Kansas and now have received an opinion answering the question that was submitted to the Kansas Court. We accept the determination by the Kansas Supreme Court of the question of the question of the Kansas law. It is incorporated herein.

■ We reserved decision at the time of submission of the question to the Kansas court of the federal question issue. We stated at that time that we would proceed to determine it if the Kansas court upheld the Kansas statute. Inasmuch as the Kansas court has upheld the statute and has concluded that it satisfies the requirements of Kansas law, we must now proceed to

consider the reserved federal question. Our conclusion is that the trial court clearly determined that issue also and accordingly the judgment of the district court should be affirmed.

The plaintiff contends on this that the definitions of "contributions" and "expenditures" are so vague and overlapping that the plaintiff cannot be compelled to file a disclosure report because of the criminal penalties which are involved.

The plaintiff maintains that the statute does not meet the test of being specific in its language so as to provide adequate notice to a person of ordinary intelligence. This contemplated conduct is illegal. The argument continues, no person is to be held criminally responsible for conduct which he could not reasonably understand to be proscribed. The case of *United States v. Harriss*, 347 U.S. 612 at 617, 74 S.Ct. 808 at 811, 98 L.Ed. 989 (1954) is properly relied on for the stated proposition.

However, we examine the statutes, keeping in mind the contention that is advanced.

The provision in question defines contribution:

§ 4102(d)(1)—"Contribution" means: (A) Any advance, conveyance, deposit, distribution, gift, loan or payment of money or any other thing of value made for the purpose of influencing the nomination or election of any individual to state office.

K.S.A.1975 Supp. 25–4102(d).

The term "expenditure" is also defined:

(f)(1) "Expenditure" means: (1) Any purchase, payment, distribution, loan, advance, deposit or gift of money or any other thing of value made for the purpose of influencing the nomination or election of any individual to state office.

K.S.A.1975 Supp. 25–4102(f).

We call attention to the fact that the above two provisions are virtually identical except the one first cited has "conveyance" and the other states "purchase".

In the decision of the Supreme Court of the United States in *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976)

the Supreme Court, in discussing almost identical contentions concerning the Federal Elections Campaign Act, was able to interpret the almost identical statutes in a way that did not require a holding of unconstitutionality. For that reason the *Buckley* decision is dispositive of the federal issue that is submitted.

It cannot be said that these two statutes are at variance one with another. They are identical in their terms except that the first one has used the term "conveyance" and the other has used the term "purchase". But other than that there is no genuine difference between the two provisions. The comparable federal statute which is found in 2 U.S.C. § 431 contains definitions amazingly similar to those which are in the Kansas statute.

The construction of the statute by the Supreme Court which led to its conclusion that the measure was constitutional can be summarized as follows:

> [the Federal Statute] imposes independent reporting requirements on individuals and groups who are not candidates or political committees only in the following circumstances: (1) when they make contributions earmarked for political purposes or authorized or requested by a candidate or his agent, to some person other than a candidate or political committee, and (2) when they make expenditures for communications that expressly advocate the election or defeat of a clearly identified candidate."

424 U.S. at 80, 96 S.Ct. at 664.

The appellant points to the fact that both definitions in the state statute contain the word "payment" whereas both the federal definitions do not contain this word. It does not appear that this was the determining factor in the *Buckley* decision. It does not rely on any such rationale; rather its basis is the general content and the clear and unambiguous government interest in preventing corruption in campaigns.

We must conclude that the *Buckley* decision, although not direct authority, nevertheless points the way in strong terms as to how this cause should be decided. Based upon the comparisons and the result of the *Buckley* case, our conclusion is that the Kansas statute does not violate the Constitution of the United States.

A somewhat similar argument has been made by appellant in considering the definition of "political committee". It is argued that this is void for vagueness. We have tested this argument by applying the trial court's consideration of it. The trial court did not consider this contention to be substantial and rejected it. We are persuaded to treat it in the same manner.

Our conclusion is that there is a general lack of merit in the appellant's argument directed to the federal constitution and our ruling is that the judgment of the district court should be and the same is hereby affirmed.